BOYER, Judge.
Appellant obtained a judgment against appellee in the State of California and then filed a complaint in the Circuit Court of Duval County, Florida seeking to enforce the California judgment. Appellee asserted invalidity of the California judgment because of lack of in personam jurisdiction. Both parties moved for summary judgment. The learned trial judge entered summary final judgment in favor of appellee, finding that she did not have sufficient minimal contact with the State of California to render her amenable to in personam jurisdiction in that state and that the exercise of such jurisdiction over appellee by the State of California was in contravention of the Fourteenth Amendment of the Constitution of the United States.
The real issue here, and the only material issue, is whether there were such minimal contacts by appellee with the State of California as to meet federal constitution standards. Unquestionably we, in the State of Florida, must lend full faith and credit to a valid judgment rendered in a sister state: However, validity requires not only compliance with the law of the rendering state but also with the requirements of the Constitution of the United States. A party may not require a state (in this instance, Florida) to pay heed to the Full Faith and Credit Clause of the United States Constitution while denying the right and duty of that state to require heed to another clause in the same constitution. There were not sufficient contacts between appellee and the State of California to allow that state to assert in personam jurisdiction over her.
AFFIRMED.
McCORD, C. J., and MELVIN, J., concur.